WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Lynn Davis, | No. CV-20-00201-TUC-DCB (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This matter was referred to the Honorable Magistrate Judge Maria S. Aguilera, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). She issued a Report and Recommendation (R&R) on March 16, 2021. (R&R (Doc. 39). She recommends that the Court should reverse the Commissioner's determination of not disabled and remand the case to the Administrative Law Judge (ALJ) for further proceedings on Plaintiff's Application for Social Security Disability Insurance Benefits and Supplemental Security Income.

Plaintiff filed for disability insurance benefits, disable widower's insurance benefits, and supplemental security income on January claiming a disability onset date of January 1, 2014. The ALJ denied benefits in a decision issued on January 28, 2019. Davis administratively appealed to no avail, and initiated this action, *pro se*, on May 8, 2020.

## STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The

district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*), except the Court must review at a minimum, *de novo*, the Magistrate Judge's conclusions of law, *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007)

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also*, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed, but on May 17, 2021, Davis filed a Notice that the Department of Veterans Affairs (VA) has now determined him to be 100% disabled. (Doc. 40.)

REPORT AND RECOMMENDATION

The Honorable Judge Aguilera, United States Magistrate Judge, considered the administrative record and ALJ's decision. She found no fault with the ALJ's weighing of the opinion evidence, but she found the ALJ erred at the step 3 determination of disability by discounting Davis's statements about the severity of his symptoms. Importantly, the ALJ failed to account for Davis's fatigue testimony in determining the Residual Functional Capacity (RFC), thereby, skewing the determination as to what type of jobs Davis could perform. Davis alleged that due to fatigue,[1] caused by sleep apnea, he needed daily afternoon naps so that he could function. The R&R does not discuss obesity,

---

[1] The Court notes that severe fatigue is one of two symptoms or signs of inflammation to meet the criteria of the listing impairment inflammatory arthritis. (R&R (Doc. 39) at 9.) On the record currently before the Court, it seems unlikely that the accounting for Davis's fatigue would change the conclusion that he does not suffer from a listed impairment, inflammatory arthritis.

generally, or in the context of Davis's sleep-apnea or any other of his impairments. Davis points out that he is obese, and that obesity led to sleep apnea, but he did not specifically take issue with the ALJ's treatment of obesity. (Doc. 36.) Davis, however, represents himself pro se and, therefore, the Court is cautious to make too much out of Davis's failure to allege error related to the ALJ's treatment of obesity.

The ALJ generally must consider obesity in combination with a claimant's other impairments. *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003) (stating that the ALJ was required to consider the "interactive effect" of obesity on the claimant's other impairments). Obesity can be "severe" either alone or in combination with other impairments (step two), but it cannot be disabling by itself under the Social Security Listings (step three). SSR 02-1p, 2002 WL 34686281, at *4-5 (Sept. 12, 2002). Whether or not obesity is a "severe" impairment at step two, when the ALJ determines the residual functional capacity (between step three and step four) the ALJ must consider whether obesity causes limitations on the claimant's physical abilities (e.g., his ability to sit, stand, walk, lift, carry, push, and pull) or mental capabilities (e.g., "[o]besity may . . . affect an individual's social functioning"), and whether obesity causes other, less obvious symptoms (e.g., obesity can lead to sleep apnea, which can lead to drowsiness and lack of mental clarity during the day). *Id*. at *6.

In this case, the ALJ found Davis's obesity non-severe because there was a lack of objective medical evidence indicating that obesity limited Davis significantly, (AR 25¬-26), but he, nevertheless, considered Davis's obesity in connection with his other impairments, (AR 26). (ALJ Decision (Doc. 33-3) at 49-50.) This ignores that Davis weighed 340 pounds with a body mass index (BMI) of 47.4. By definition, a BMI exceeding 40 is the most extreme, class 3, which "is sometimes categorized as 'severe' obesity." [2]

The ALJ did not discuss Davis's testimony regarding symptoms due to his obesity, such as being unable to stand for long periods of time (over 30 to 60 minutes) without

---

[2]https://www.cdc.gov/obesity/adult/defining.html

- 3 -

experiencing pain in his lower extremities and could not walk one-quarter of a mile to his mailbox, without needing a break before walking back. There is no discussion by the ALJ of the combined effects of obesity and his various impairments, including right knee degenerative joint pain, disc-disease, and sleep apnea.

Davis's claim of disability is not based on any one impairment. He claims a plethora of impairments: rheumatoid arthritis of his hands and feet; degenerative disc disease of the lumbar and cervical spine of his back and knee; posttraumatic stress disorder; tinnitus; obstructive sleep apnea; and issues with alcohol abuse and obesity. The ALJ found four severe impairments, inflammatory arthritis, hearing loss, degenerative disc disease of the lumbar spine, and right knee degenerative joint disease.  In short, this is a case where at step 3 the ALJ must consider whether Davis has a combination of impairments that met or medically equaled one of the listed impairments.

Davis's date last insured is December 31, 2022. (AR 25.) This means that any worsening of his existing impairments (or manifesting of new impairments) before that date go towards whether he is disabled or not. *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) (stating that disability is determined based on impairments that exist on or before the date last insured).

Therefore, this Court remands the case on an open record,[3] requiring the ALJ to redo the evaluation of Davis's claim of disability, beginning at step 3, including consideration of Davis's obesity in combination with his other impairments and any new developments, including the VA's new disability rating. For claims filed before March 27, 2017, the ALJ must consider the disability ratings given by the VA. See 20 C.F.R. § 404.1504. Davis's claim was filed before that date. Under circuit precedent, "an ALJ must ordinarily give great weight to a VA determination of disability" or else provide "persuasive, specific, valid reasons for [giving less weight] that are supported by the record." *McCartey v.*

---

[3] By remanding on an open record, this Court expects the ALD to consider new evidence. *See Burrell v. Colvin*, 775 F.3d 1133, 1142 (9th Cir. 2014) (remanding on an open record because there was serious doubt as to whether the claimant was disabled); *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015) (same).

*Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). At the time of the ALJ decision, Davis's VA rating was only 40%, but has now increased to 100%.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); see also, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and, therefore, review has been waived, the Court must at a minimum consider *de novo* the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law).

/////

/////

/////

/////

The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court remands this case to the ALJ for further consideration on an open record.

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation (Doc. 39) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** remanding this case on an open record for further administrative proceedings to consider Davis's symptom testimony regarding fatigue, obesity (in combination with his other impairments), and any new developments including the VA's new disability rating of 100%.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

Dated this 27th day of May, 2021.

Honorable David C. Bury
United States District Judge